# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00466-CV

**Joshua S. Coffee, Appellant**

**v.**

**Kelly Lynn Coffee, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-13-006963, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On June 24, 2016, Joshua S. Coffee attempted an appeal from the district court's "Order on Motion to Clarify Divorce Decree" and "Order in Suit for Modification of Support Order and to Confirm Support Arrearage," both signed on March 29, 2016.

In response to our letter questioning jurisdiction over this appeal, Coffee contends that "by his calculations" the filing of his motion for new trial extended his appellate timetable. *See* Tex. R. App. P. 26.1(a) (providing that certain timely filed postjudgment motions extend time for filing notice of appeal). Motions for new trial are timely if filed within 30 days after the complained-of judgment or order is signed. Tex. R. Civ. P. 329b(a). Under this rule, Coffee's deadline for filing his motion for new trial was April 28, 2016. *See* Tex. R. Civ. P. 4.1; Tex. R. Civ. P. 329b(a). However, as Coffee acknowledges in his response and the record confirms, he did not file his

motion for new trial until April 29, 2016.[1] That untimely motion for new trial did not extend the filing deadline for Coffee's notice of appeal, and the time to seek an extension for filing the notice of appeal has expired. *See* Tex. R. App. P. 26.1, 26.3; *Gilani v. Kaempfe*, 331 S.W.3d 879, 879 (Tex. App.—Dallas 2011, no pet.) (dismissing appeal for want of jurisdiction after concluding that appellant's motion for new trial filed 31 days after signing of judgment was untimely and failed to extend appellate timetable); *see also Aziz v. Waris*, No. 01-15-00175-CV, 2015 Tex. App. LEXIS 9068, at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 2015, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction after concluding that appellant's motion for new trial was filed day after deadline). Once the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Coffee's June 24, 2016 notice of appeal from the orders signed on March 29, 2016 is untimely, and we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed for Want of Jurisdiction

Filed: August 11, 2016

_____

[1] The district court need not have considered the untimely motion for new trial and no order on the motion appears in the clerk's record.

2